LEWIS WEISMAN, RESPONDENT, v. CHARLES A. GILLIGAN, APPELLANT.

Submitted June 9, 1924—Decided October 20, 1924.

1. When the judge of the District Court, sitting as a jury, at the close of the case, said: "Although the plaintiff has shown some evidence of negligence in that the defendant was traveling at a high rate of speed, yet the testimony of the witnesses for the plaintiff and the defendant conflict, the plaintiff has not sustained the burden of proof, neither has the defendant proved contributory negligence. I will enter a judgment of nonsuit." *Held*, error; this was a finding of fact and entitled the defendant to a final judgment. Controlled by the case of *Settel* v. *Public Service Railway*, 94 *N. J. L.* 137.

2. The District Court act (*Pamph. L.* 1898, *p.* 618, § 167; 2 *Comp. Stat. p.* 2003, § 167) is not applicable. That statute must be construed in harmony with the settled practice of nonsuit, in the common law courts.

On appeal from the Supreme Court.

For the appellant, *Louis J. Beers.*

For the respondent, *Herman B. J. Weckstein.*

The opinion of the court was delivered by

BLACK, J. This suit was instituted in the District Court of East Orange. It grew out of an automobile collision on the 12th day of October, 1922, at the crossing of Clinton avenue and Washington street, in the city of Newark. The

suit is to recover damages for the injury to the automobile. The judgment entered in the District Court was a nonsuit, which, on appeal to the Supreme Court, was affirmed. This, we think, is error. The judgment should be reversed. The state of the case sent up with the appeal is as follows: The action was in tort to recover damages to the plaintiff's automobile. Witnesses for the plaintiff were produced, sworn and testified. Plaintiff rested. No motion for a nonsuit was made. Defendant produced witnesses, who were sworn and testified. Defendant rested and closed his case. The plaintiff offered no testimony in rebuttal. No motion for a nonsuit or the direction of a verdict was made by either party. The case was submitted to the court for decision. The court then said: "Although the plaintiff has shown some evidence of negligence in that the defendant was traveling at a high rate of speed, yet the testimony of the witnesses for the plaintiff and the defendant conflict, the plaintiff has not sustained the burden of proof, neither has the defendant proved contributory negligence. I will enter a judgment of nonsuit." This judgment on appeal as stated was affirmed by the Supreme Court. This, we think, was error. The case is controlled by *Settel* v. *Public Service Railway,* 94 *N. J. L.* 137; *reversing,* 93 *Id.* 121, which is directly in point. The court was acting as a jury. Its function was then to weigh the evidence and pronounce a judgmgent, based upon the evidence. There was some evidence submitted by both parties, which was being considered. The case could not have been taken from a jury. A nonsuit was then improper, as was said, by this court, in the case just cited. The very fact that the court proceeded to announce its findings of fact demonstrates that no reason existed for a nonsuit. It may not be amiss to add that in the Settel case (93 *Id.* 121) the trial judge intended to bring his ruling within the District Court act (*Pamph L.* 1898, *p.* 618, § 167; 2 *Comp. Stat.,* *p.* 2003, § 167), which provides that "every District Court shall have power to nonsuit the plaintiff in every case in which satisfactory proof shall not be given, entitling either plaintiff or defendant to the judgment of said court." This

court said the cited case was not within that section. That applies only where sufficient proof is not given, entitling either plaintiff or defendant to the judgment of the court. In inserting this provision in the District Court act, it doubtless was intended by the legislature to harmonize the practice in the District Court on 'this point with the common law practice of the Supreme and Circuit Courts. The statute should be construed so as to be in harmony with the settled practice of nonsuit at common law in those courts. The judgment is reversed, the record is remitted, in order that judgment final may be entered in favor of the defendant. As this disposes of the case, the defendant is entitled to costs.

*For affirmance*—PARKER, J.  1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.  13.